Muriel Ann **RUMMEL,**
**Plaintiff-Appellant,**

v.

**Loyd Frank RUMMEL,**
**Defendant-Appellee.**

**Civ. No. 9114.**

Supreme Court of North Dakota.

Oct. 7, 1975.

Rehearing Denied Oct. 22, 1975.

---

Sperry & Schultz by Alfred C. Schultz, Bismarck, for plaintiff-appellant.

Maurice R. Hunke, Dickinson, for defendant-appellee.

PEDERSON, Judge.

The district court of Stark County granted Muriel Ann Rummel a divorce from Loyd Frank Rummel. Indicating dissatisfaction with the division of property, Muriel asked for a new trial, which was denied. Muriel appeals from the judgment, the memorandum decision, and the order denying a new trial. The judgment and the order denying a new trial are affirmed.

The Rummels were married in 1962, and their only child, a son, was born in 1963. Irreconcilable differences arose and Muriel sued for divorce. At a hearing in the trial court the parties stipulated custody, support payments, attorney's fees, and property division, and the court relied thereon in its findings and conclusions.

The stipulation relating to property division, dictated in open court by Muriel's attorney and reluctantly agreed to by Muriel, provides that Muriel's equity in the real estate and personal property not specifically given to her is $29,150, plus $1,000 for replacement of major appliances to be retained by Loyd. This sum, guaranteed by a lien against the real estate to be retained by Loyd, was payable in one installment of $4,150 and ten installments of $2,600.

The trial court stated:

"All right. Before we call her, I think that you should get a copy of this stipulation made from the court reporter before you prepare your case. I am just going

to say that the stipulation incorporated in the record shall govern and be made findings, and then you [Muriel's attorney] prepare the findings and submit a copy to him [Loyd's attorney] and then he can determine whether it conforms to the stipulation you have agreed to here in court so that there will be no dispute as to what that was."

In its oral memorandum decision the trial court added:

"The Court finds that both parties are familiar with the property they acquired, its condition and reasonable value, respect the stipulation of counsel, consent of the parties thereto, and will, therefore, find and determine that the plaintiff [Muriel] shall receive from the defendant [Loyd] for her entire share of the joint or community property the sum of twenty-nine thousand, one hundred and fifty dollars ($29,150) which shall be paid as follows: * * *."

This statement by the trial court overlooked the additional $1,000 that was agreed upon for the replacement of major appliances; however, the findings which were thereafter entered did include such sum. The findings, conclusions of law, and judgment were prepared by Muriel's attorney.

During the trial Muriel expressed her confidence in her attorney as follows: "I trust him; I believe in him." After the trial Muriel became dissatisfied when her attorney failed to delay the entry of judgment while she investigated the valuation of the joint property. She thereupon employed her present attorney, who moved for a new trial under Rule 59, N.D.R.Civ.P. Because the presiding judge at the trial had retired, a different judge heard and denied the motion for a new trial.

■ First, we will consider defects in the appeal. It is elementary that no appeal lies from a memorandum decision,[1] and in some jurisdictions an order denying a motion for a new trial is reviewable but not appealable. See 11 Wright and Miller, Federal Practice and Procedure, Section 2818, at 116. In this State, by statute [§ 28–27–02(4), N.D.C.C.], orders which grant or refuse a new trial "may be carried to the supreme court."

■ In *Nitschke v. Barnick*, 226 N.W.2d 785, 787 (N.D.1975), we said:

"In all actions tried upon the facts without a jury, we are restricted in our review by the provisions in Rule 52(a) of the North Dakota Rules of Civil Procedure."

Thus the findings in this case are binding upon us unless they are clearly erroneous. Unless, from the record, we are left with a definite and firm conviction that a mistake has been made, we do not hold that findings are clearly erroneous. See *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973).

■ When the appellate court understands from the findings the factual basis of the trial court's determination, the findings are adequately specific.[2] The factual basis may be a stipulation. As we said in *Harchenko v. Harchenko*, 77 N.D. 289, 43 N.W.2d 200 (1950), at syllabus 1:

"A judgment, entered pursuant to the stipulation of the parties to an action, is as effective an adjudication of the issues in the case as one entered upon an actual trial of such issues."

In the absence of a stipulated division agreement the court would be required to apply the *Fischer*[3] guidelines which we said were applicable in *Grant v. Grant*, 226 N.W.2d 358 (N.D.1975), and in *Novlesky v. Novlesky*, 206 N.W.2d 865 (N.D.1973).

1. *See Chas. F. Ellis Agency, Inc. v. Berg*, 214 N.W.2d 507 (N.D.1974); *Nord v. Koppang*, 131 N.W.2d 617 (N.D.1964); *Karabensh v. Grant*, 73 N.W.2d 782 (N.D.1955).

2. *See Ellendale Farmers Union Cooperative Ass'n v. Davis*, 219 N.W.2d 829, 836 (N.D. 1974); *DeForest v. DeForest*, 228 N.W.2d 919, 924 (N.D.1975); Rule 52(a), N.D.R. Civ.P.

3. *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966).

Stipulations are generally classified as either procedural or contractual. Procedural stipulations are facilitating devices that simplify proof or condense procedural requirements in lawsuits. Contractual stipulations are essentially contracts that deal with the subject matter of the lawsuit, mainly the rights or property at issue. It follows that in determining the validity of a contractual stipulation the law of contracts should be applied. "They are styled stipulations only because they occur in connection with litigation." *Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D.1974).

In this case the property agreement in question is a contractual stipulation. Muriel does not directly attack the stipulation but rather she treats it as if it were never created. The record leaves no doubt as to the existence of the stipulation. If Muriel had attacked the stipulation directly, she would have had to use contract law to rescind her agreement. Section 9–09–02, N.D.C.C., states:

"A party to a contract may rescind the same in the following cases only:

"1. If the consent of the party rescinding or of any party jointly contracting with him was given by mistake or obtained through duress, menace, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds or of any other party to the contract jointly interested with such party;

"2. If through the fault of the party as to whom he rescinds the consideration for his obligation fails in whole or in part;

"3. If such consideration becomes entirely void from any cause;

"4. If such consideration before it is rendered to him fails in a material respect from any cause; or

"5. By consent of all of the other parties."

The only plausible ground on which the plaintiff could attempt to rescind the stipulation would be that of mistake. Muriel claims that she was mistaken as to the value of the property of the parties when she entered into the division agreement. Relief from mistake is available under Rule 60(b) but not under Rule 59, N.D. R.Civ.P. This court has adopted the modern rule that the power to cancel for mistake should not be exercised against a party whose conduct has in no way contributed to or induced the mistake, and who will obtain no unconscionable advantage thereby. *Security State Bank of Wishek v. State*, 181 N.W.2d 225 (N.D.1970), Syllabus 4; *Dvorak v. Kuhn*, 175 N.W.2d 697 (N.D.1970).

Muriel has not claimed that Loyd induced or in any way contributed to the mistake. She asserts that the land and improvements are worth in excess of $200,-000, while acknowledging that she has not been able to discover the extent of encumbrances. Loyd asserts that liabilities exceed $160,000 and that the net equity available for property division is just over $40,-000. We are not convinced that an unconscionable advantage for Loyd has been shown.

We hold that the findings on division of property were not clearly erroneous.

Next we must consider whether there was reversible error in the judgment or in the denial of a new trial. Muriel points out no error in the judgment. The motion for a new trial recites that, after the judgment was entered, Muriel "has investigated the extent and values of the property, owned by the parties, and the basis for award of a share thereof, and that through mistake, she did not have this information and did not understand it, at the time of the trial."

As grounds for the motion Muriel alleges surprise, newly discovered evidence, and insufficiency of the evidence. These are proper causes for a new trial under Rule 59(b)3, 4 and 6, N.D.R.Civ.P.

We have repeatedly said that a claim of surprise may not be considered upon a motion for new trial where no objection on that ground was made at the time

the evidence was admitted. *Hamre v. Senger*, 79 N.W.2d 41 (N.D.1956); *Leake v. Hagert*, 175 N.W.2d 675 (N.D.1970); *Bohn v. Eichhorst*, 181 N.W.2d 771 (N.D.1970); *Stude v. Madzo*, 217 N.W.2d 5 (N.D.1974). Muriel did not and could not have claimed to be surprised by evidence she introduced. She is not entitled to a new trial on the ground of surprise. Rule 59(b)3, N.D.R. Civ.P.

[redacted] Rule 59(b)4, N.D.R.Civ.P., authorizes a new trial when material evidence is newly discovered which could not, with reasonable diligence, have been discovered and produced at the trial. Muriel and her counsel asked for an equitable division of the property. They produced the evidence identifying the property and establishing Muriel's equitable share thereof. A change of opinion is neither newly discovered evidence nor, in this case, is it diligently presented.

> "It [Rule 59(b)4] is not to be used to relieve a party from free, calculated, and deliberate choices he has made." *Hefty v. Aldrich*, 220 N.W.2d 840, 846 (N.D. 1974).

We hold that there was no error in denying the motion for a new trial on the ground of newly discovered evidence.

Finally, Muriel claims that the trial court erred in failing to grant a new trial on the ground of insufficiency of the evidence to justify the decision. Rule 59(b)6, N.D.R. Civ.P.

Citing numerous cases, we held in *Brinkman v. Mutual of Omaha Insurance Company*, 187 N.W.2d 657, 662 (N.D.1971):

> "* * * when considering whether the evidence is sufficient to sustain the verdict [or decision], the evidence must be considered in the light most favorable to the party in whose favor the verdict was rendered."

And in *Braun v. Riskedahl*, 150 N.W.2d 577, 580 (N.D.1967), we said that a motion for a new trial grounded on Rule 59(b)6, N.D.R. Civ.P., must point out wherein the evidence is insufficient, as required by § 28–18–09, N.D.C.C.

[redacted] In Muriel's affidavit in support of her motion for a new trial, she says there was no evidence of the total value of the real and personal property nor the encumbrances against it. In view of the stipulation as to the value of her interest therein, the missing evidence of value of the property is not material.

[redacted] Moore's Federal Practice, Vol. 6A, Rule 59, at 59–93, 59–94, states:

> "Just as at law, a rehearing in equity and its present counterpart, a new trial in a court action, will not lie merely to relitigate old matter; nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial."

This court held in *Waletzko v. Herdegen*, 226 N.W.2d 648, 653 (N.D.1975), that "It is not our function * * * to allow second guesses on trial strategy."

The judgment and the order denying new trial are affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.