**Kay I. PIPER, Plaintiff-Appellant,**

v.

**Richard J. PIPER, Defendant-Appellee.**

Civ. No. 9125.

Supreme Court of North Dakota.

Feb. 25, 1976.

Overboe & Anderson, West Fargo, for appellant; argued by David A. Overboe, West Fargo.

Lanier, Knox & Olson, Fargo, for appellee; argued by P. W. Lanier, Jr., Fargo.

PEDERSON, Judge.

This is an appeal from an order denying a motion for a new trial. In *Piper v. Piper*, 234 N.W.2d 621 (N.D.1975), we denied a motion seeking the dismissal of this appeal, holding that the appellant had not accepted benefits under the judgment and therefore had not waived the right to appeal.

The decree which awarded Kay a divorce from Richard also awarded Kay the custody of the two minor children of the marriage and gave her a savings account of $6,082.50, a checking account of $100.00, a Buick automobile, a home in Casselton, all household goods and effects in the Casselton home, and $20,000.00, payable to her at the rate of $2,000.00 per year for ten years. Richard was ordered to keep $75,000 worth of life insurance with Kay and the two children named as irrevocable beneficiaries, and he is required to pay to Kay the sum of $175 per month as child support for each of the two children.

Richard was awarded the interest in land that the parties possessed, the parties' farm machinery and equipment, a snowmobile, a camper, guns, various stock, an account receivable on 1.58 acres of land sold, 4 horses and riding equipment, a calf, a beet payment, and the standing crop on 1,318 acres of land which the parties farmed. Richard is also allowed to claim the two children as his exemptions for income tax purposes. Richard is required to pay all previous debts of the parties and attorney fees and costs of the divorce action.

After the judgment had been entered, Kay moved for a new trial pursuant to Rule 59(b), N.D.R.Civ.P., claiming that: (1) the judgment is contrary to the evidence; (2) the court abused its discretion; (3) errors of law were committed by the court; and (4) there is newly discovered evidence. Giving the stated grounds for new trial our most generous interpretation, we conclude that Kay raised issues under Rule 59(b), paragraphs 1, 4, 6, and 7. The trial court in a pointed memorandum, considered all grounds raised and denied the motion. Kay appealed only from the denial of the motion; we affirm the denial.

■ Federal courts have, in the interest of justice, treated appeals from orders denying new trials as having been erroneously taken, and unless the appellee has demonstrated that he would be prejudiced thereby, have treated such appeals as being from the judgment. See Wright and Miller, Federal Practice and Procedure, § 2818. We have held that § 28–27–02, N.D.C.C., authorizes appeals from orders which either grant or deny a new trial. See Rummel v. Rummel, 234 N.W.2d 848, 851 (N.D.1975), and Grenz v. O'Rourke, 235 N.W.2d 881, 884 (N.D.1975). In the Federal courts, only in very unusual circumstances are orders granting or denying motions for new trial appealable. Appellant here states that her limited appeal is not an error but is intentional. It would be inappropriate under these circumstances for this court to treat this as an appeal from the judgment.

■ We said in Jore v. Saturday Night Club, Inc., 227 N.W.2d 889 (N.D.1975), that where the trial court denied a new trial we would not overturn on appeal unless it is clear that there was a manifest abuse of discretion, and in Kresel v. Giese, 231 N.W.2d 780 (N.D.1975), we said that whether a new trial should be granted rests "almost entirely" in the discretion of the trial court. In an earlier case, Maier v. Holzer, 123 N.W.2d 29, 32 (N.D.1963), this court cited with approval an Ohio definition of the term "abuse of discretion" as meaning "an unreasonable, arbitrary or unconscionable attitude upon the part of the court."

■ As this court has often stated, the requirement of specifying grounds in a motion for new trial requires something more than generalities. Fowler v. Delzer, 177 N.W.2d 756 (N.D.1970), and Sullwold v. Hoger, 110 N.W.2d 457 (N.D.1961). Although § 28–18–09, N.D.C.C., has, for purposes of appeals to the Supreme Court, been superseded by Rule 28, N.D.R.App.P.,[1] it still requires that insufficiency of evidence and errors of law be specified in the trial

---

1. See Nokota Feeds, Inc. v. State Bank of Lakota, 210 N.W.2d 182, 187–188 (N.D. 1973); Rummel v. Rummel, 234 N.W.2d 848 (N.D.1975), Syllabus 6, and Sorenson v. Olson, 235 N.W.2d 892, 895 (footnote) (N.D. 1975).

court when moving for a new trial on the basis of Rule 59(b), N.D.R.Civ.P.

Rule 59(f) requires the trial court, when granting or denying a motion for a new trial, to file a written memorandum concisely stating the different grounds on which its ruling is based. The trial court complied with this requirement and the memorandum amply shows that the court exercised a reasonable and conscientious discretion in considering, evaluating, and determining the issues presented to it by the motion. No arbitrary or unreasonable determinations have been shown to us. Primarily, the appellant complains of the absence of findings. The missing findings are in the memorandum opinion where they may be pursuant to Rule 52(a), N.D.R.Civ.P. She waived an opportunity to prepare the findings for the consideration of the court and failed to move to amend the findings as authorized by Rule 52(b).

Citing a line of cases including *Van Vleet v. Van Vleet*, 42 N.D. 470, 174 N.W. 213 (1919); *Agrest v. Agrest*, 75 N.D. 318, 27 N.W.2d 697 (1947), and *Dahl v. Dahl*, 97 N.W.2d 844 (N.D.1959), Kay contends that this court has established a property settlement precedent to the effect that where the husband is at fault and the wife is relatively blameless, the trial court must award at least one-half of the parties' net worth, acquired during the marriage, to the wife. Although this may often be the result in divorce cases where the husband was at fault, we strongly disagree that this should be viewed as a rule. As we have often stated, there is no rigid rule for determining the division of property in a divorce proceeding. The ultimate objective of the court is to find an equitable distribution. *Grant v. Grant*, 226 N.W.2d 358 (N.D.1975); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D. 1966). The conduct of each party during the marriage is a consideration that the court may use in its determination; however, it should not be viewed as the only nor the overriding consideration in reaching an equitable distribution. This determination should result from the application of all the appropriate *Fischer* guidelines to the facts and circumstances of each individual case. *Fischer, supra.*

Kay also argues that it was error for the court to allow Richard's testimony as to his banker's opinion of the value of the real estate owned by the parties. She alleges that this was hearsay evidence and thus incompetent. At Syllabus No. 15 in *Jahner v. Jacob*, 233 N.W.2d 791 (N.D.1975), we said that we would not reverse a judgment in a nonjury case because of the admission of incompetent evidence unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the trial court to make an essential finding which would not otherwise have been made. *See also* Syllabus No. 4 in *Matson v. Matson*, 226 N.W.2d 659 (N.D. 1975) and *Schuh v. Allery*, 210 N.W.2d 96 (N.D.1973).

Finally, it is Kay's position that she is entitled to a new trial because of newly discovered evidence. The parties had a standing crop on 1,318 acres at the time of the trial. Kay contends that the value of the crop after it was harvested was newly discovered evidence. We recently said that "evidence which does not tend to prove a fact or condition existing at or prior to the time of trial does not constitute 'newly discovered evidence' . . ." *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324 (N.D.1975), Syllabus 2. The evidence which Kay argues is newly discovered, is evidence of a fact which did not exist at the time of trial. No new trial was warranted.

Having found no clear abuse of discretion in the trial court order denying the motion for a new trial, we affirm the order.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.