Shirley Ann VOSKUIL (Pease, Short), Plaintiff, Appellee and Cross-Appellant,

v.

Duane Martin VOSKUIL, Defendant, Appellant and Cross-Appellee.

Civ. No. 9302.

Supreme Court of North Dakota.

July 27, 1977.

Rehearing Denied Aug. 18, 1977.

Duane Martin Voskuil pro se.

Kessler & Anderson, Grand Forks, for plaintiff, appellee and cross-appellant; argued by Nancy G. Maxwell.

PEDERSON, Justice.

Duane and Shirley both appeal from a 1976 order modifying a 1973 divorce decree. We will consider Duane as appellant and Shirley as cross-appellant. The divorce was uncontested and all of the material provisions of the decree were stipulated. Duane asks that the matter be remanded for rehearing. Shirley suggests that this Court can correct the custody decision on the basis of what are the best interests of the children.

██ The stipulation and the original decree provided, inter alia, that: (1) Shirley shall have custody of the three children, Sonia Nibada, Eric Krishna, and Martin Inua; (2) Duane shall pay $150 per child per month support; and (3) some real estate owned jointly in New Hampshire will be sold and the proceeds distributed as follows: the first $5,000 to Shirley, the next $1,500 to Duane, and the balance divided equally. Time for appeal from the original decree having expired, except as to fraud or collusion or changed conditions and the court's continuing jurisdiction over custody matters, the decree is conclusive. See *Klaudt v. Klaudt,* 156 N.W.2d 72 (N.D.1968), and *Albrecht v. Albrecht,* 120 N.W.2d 165 (N.D. 1963). See also, *Sabot v. Sabot,* 187 N.W.2d 59, 62 (N.D.1971), where we said that as a general rule any final distribution of property made by a divorce decree may not be changed or modified except for fraud or such other causes as would constitute grounds for modification of any final decree.

In December 1973, a few months after the decree, the parties signed an agreement, not approved by the court, which provided:

"As of January 1, 1974 Duane Martin Voskuil of Manvel, North Dakota, will assume full custody of Martin Inua Voskuil, who has been in the custody of Shirley Ann Voskuil of Barrington, New Hampshire, prior to this date, pursuant to the following conditions:

"(1) that all reasonable accommodations are to be made to allow Shirley Voskuil unrestricted visitation rights,

"(2) that Shirley Voskuil may assume temporary custody of Martin Voskuil up to three months each year,

"(3) that the One Hundred and Fifty dollar per month support payments for Martin Voskuil will no longer be payable to Shirley Voskuil except when she has Martin Voskuil in her custody,

"(4) that transportation costs for Martin Voskuil will be borne by the party to whom he is going,

"(5) that if for some reason a local court decides that both Duane Voskuil and his mate (if he has one) are incompetent to raise Martin Voskuil, Shirley Voskuil will again assume full custody of him."

In 1976 Duane moved to modify the decree on the ground that changed conditions required reduction of support payments.

Shirley resisted that motion and, in effect, moved that the 1973 agreement be cancelled and that custody of Martin be restored to her.

A hearing was held before the court in August 1976, whereafter the court ordered that (1) Sonia Nibada and Eric Krishna shall remain in the custody of their mother; (2) Martin Inua shall remain in the custody of his father; (3) because of Duane's default in past support payments, Shirley shall retain all of the remaining proceeds from the sale of the New Hampshire real estate; (4) no support payments need be made until September 1977, but thereafter Duane shall resume child support payments for the benefit of Sonia and Eric in the amount of $100 per child per month; (5) Shirley shall have temporary custody of Martin from August 20 to September 7, 1976; (6) Duane shall exercise visitation rights with Sonia and Eric at his parents' home in Wisconsin during Christmas vacation 1976; (7) Shirley shall have temporary custody of Martin during summer vacation until July 15 each year; (8) Duane shall have temporary custody of Sonia and Eric from July 15 until seven days before the start of the school term each year; and (9) the party receiving temporary custody or visitation shall furnish round-trip transportation costs through the court.

█ No memorandum opinion was prepared and, except insofar as the order may be said to contain both findings and conclusions, there were no separate findings of fact and conclusions of law. Both parties argue that the "determination" is clearly erroneous. In divorce cases we do not make de novo reviews but apply the scope of review authorized by Rule 52(a), N.D.R. Civ.P. As we said in a footnote in *Sorenson v. Olson,* 235 N.W.2d 892, 895 (N.D.1975):

"It would be a reasonable interpretation of Rules 10, 28, and 30, N.D.R.App.P., that an appellant's brief or appendix should specify the issues explicitly enough so that a de novo review is not necessary to a consideration of those issues. When the only review available is pursuant to Rule 52(a), N.D.R.Civ.P., law-

yers should consider the advisability of pointing the issues at specific findings or the lack of a necessary specific finding."

We said in *DeForest v. DeForest,* 228 N.W.2d 919 (N.D.1975), that when the basis for a conclusion on a controlling issue is not shown, the finding is clearly erroneous. We accordingly remanded that case for more specific findings and overruled a portion of the holding in *Bryant v. Bryant,* 102 N.W.2d 800 (N.D.1960), which said that the Supreme Court must presume that a trial court's award of custody is based upon the best interests of the children.

In *DeForest, supra,* we relied upon *Ellendale Farmers Union Cooperative Ass'n v. Davis,* 219 N.W.2d 829 (N.D.1974), in stating:

"The purpose of Rule 52(a) is 'to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment it entered thereon.' [Citation omitted.] Rule 52(a) requires that the court 'find the facts *specially.'*" 228 N.W.2d at 924.

When an informality or failure has not interfered with our ability to apply the law and adjust the rights of the parties to a substantial controversy, we have not insisted on strict compliance with rules of practice. For example, in the case of *Eisenbarth v. Eisenbarth,* 91 N.W.2d 186, 188 (N.D.1958), which was decided prior to the time that trial de novo on appeal had been abolished by the repeal of § 28–27–32, NDCC, but after the adoption of the North Dakota Rules of Civil Procedure without the present Rule 52, we quoted from 37 Am.Jur. Motions, Rules and Orders, Sec. 5, pp. 503, 509, in part as follows:

"When a substantial controversy in fact exists between parties, which is so presented that the court can apply the law and adjust their rights, it would not be in accordance with the spirit of an enlightened jurisprudence to refuse to do so merely because of some slight informality, or a failure by one party to comply strictly with the rules of practice, in matters where the informality or omis-

sion will not work injustice or impose any hardship upon the opposite party." [Citations omitted.]

This Court has not been unanimous in recent decisions involving the application of Rule 52(a) and (b). See the concurring opinion in *Fine v. Fine*, 248 N.W.2d 838, 844 (N.D.1976), and the dissent in *Fortman v. Manthey*, 248 N.W.2d 821, 825 (N.D.1976). Apparently there is a need to evaluate each case to determine how we can best apply the "spirit of an enlightened jurisprudence."

█ We said in the case of *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973), and repeatedly since then, that unless we are left with a definite and firm conviction that a mistake has been made, we do not hold that findings are clearly erroneous. There are no findings of fact in this case but if we were to treat the nine items ordered by the trial judge as findings of fact, then we find that they are supported by either the December 1973 agreement, by the stipulation upon which the original decree was based, or by evidence introduced at the 1976 hearing, and we do not reach any firm conviction that a mistake has been made.

█ A stipulation can be either procedural or contractual and, in this case, it is contractual. See *Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D.1974). We said in *Rummel v. Rummel*, 234 N.W.2d 848, 852 (N.D.1975), that: "It follows that in determining the validity of a contractual stipulation the law of contracts should be applied." No statutory basis has been asserted in this case which permits either of the parties to withdraw from the contracts to which they have agreed. See § 9–09–02, NDCC. It was not an error as a matter of law for the court to rely on the agreement and stipulation. The trial court, however, is not bound to accept stipulations and side agreements which purport to determine custody questions if it finds that it is not in the best interests of the children that it do so.

"It is not to be doubted that the court, under the statute, and regardless of any contract of the parties to the contrary, at all times retains control of the decree of divorce in so far as the rights of children are concerned." *Sinkler v. Sinkler*, 49 N.D. 1144, 194 N.W. 817 (1923).

█ The trial court's jurisdiction in a divorce case over matters of custody, care and education of the children of the marriage is a continuing jurisdiction. § 14–05–22, NDCC. Although courts do not favor bandying children about, changes in circumstances which affect the best interests of the children should be called to the attention of the court.

In *Bryant v. Bryant*, 102 N.W.2d 800, 803 (N.D.1960), this Court said that the "award of custody is always subject to modification as the best interests of the children may require."

In this case, Duane asks that we grant him a rehearing. All of the evidence that he offered at the trial court hearing was accepted. He was permitted to show in what respect the conditions had changed which he deemed as warranting changes in the decree. He was successful in convincing the court that the decree should be changed to award the custody of Martin to him (Duane), and to eliminate all support payments (by Duane) until September 1977, and thereafter to reduce his support obligations for the benefit of Sonia and Eric from $150 per month per child to $100 per month per child.

█ For the first time in the case, Duane comes up with argument to this Court on some unique legal theories of custody and support which were not presented to the trial court, which are in conflict with the agreement and stipulation he previously entered into voluntarily, and which are addressed only to the best interest of Duane and not the best interests of the children.

At the same time that he argues that both parents want, and alone can support, all three children, he presents the theory that the support order is not "equalitarian," that it violates his (Duane's) civil rights, that it constitutes "punitive support," and that it denies him equal protection of the law. He orally argued that the joy of companionship received by the custodial parent

should be payment enough, and that no support contribution from the non-custodial parent is ever justified. This is not the law of this State. It is not our function to allow second guesses on trial strategy. *Waletzko v. Herdegen*, 226 N.W.2d 648 (N.D.1975).

Shirley, whose counsel prepared the "Findings and Order" in this case, says that the *determination* is clearly erroneous. Under Rule 52(a), N.D.R.Civ.P., in all actions tried upon the facts without a jury, the court shall (1) find the facts specially, (2) state separately its conclusions of law, and (3) direct the entry of the appropriate judgment. Although ordinarily it is unnecessary for decisions on motions to be supported by special and separate findings and conclusions, when a motion results in a modified divorce decree or judgment, special findings and separate conclusions are required. Rule 52(a), N.D.R.Civ.P.

Although the findings and conclusions are unartfully drawn, we are able to understand the factual basis upon which the trial court reached its conclusions. It would therefore be for no good purpose to remand for the drafting of more adequate findings. Substantial evidence supports each of the findings and, accordingly, such findings are not clearly erroneous.

Judgment is affirmed. Each party will pay his or her own costs on the appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.