David J. GROSS, Plaintiff and Appellee,

v.

Linda Mae GROSS, Defendant and Appellant.

Civ. No. 9671.

Supreme Court of North Dakota.

Dec. 12, 1979.

Rausch & Rausch, Bismarck, for plaintiff and appellee; argued by James P. Rausch, Bismarck.

C. J. Schauss, Mandan, for defendant and appellant.

SAND, Justice.

Linda Mae Gross appealed from that portion of a judgment of divorce which awarded custody of a minor child to the appellee, David Gross, and denied custody to the appellant, Linda Mae Gross. We affirm.

David and Linda Gross were married on 9 July 1976. At that time, David was engaged in the occupation of farming on his father's farm near Shields, North Dakota. David owned some cattle and equipment and worked in a sort of partnership relation with his father.

On 22 June 1977, a son, Shane, was born to the marriage of David and Linda Gross. Shane lived with his parents in a mobile home situated on the farm near Shields. Also living with them were Linda's two other children from a previous relationship, aged 4 and 6 years.

Linda did not enjoy living on the farm, and in the winter of 1977 to 1978 the family left the farm and moved to Mandan, North Dakota. David secured a job with a trucking firm in Mandan, but in the spring of 1978 he and Linda returned to the farm with the children.

In late October or early November 1978, David was called back to Mandan for work. From that time until 15 April 1979, the Gross family resided at the home of Linda's parents in Mandan. There were ten people living in Linda's parents' home at that time.

David and Linda separated on 15 April 1979, and he returned to the farm to reside. The marriage was later dissolved by divorce.

While the Gross family was living together on the farm, Linda normally took care of Shane. She kept the mobile home clean, cooked for David and the children, and saw that Shane was clean and well clothed. During the summer months David worked on the farm from daylight to dark nearly every day, including Sundays.

While Linda and her children were living with her parents in Mandan, she worked three nights each week from five o'clock until midnight. At these times, and when Linda went shopping or uptown, either her mother or sister cared for Shane.

The mobile home situated on the farm near Shields was given to Linda in the divorce property settlement. The parties agreed at trial that if the mobile home was brought to Mandan, Linda and her children could reside in it and thereby eliminate the crowded conditions then in existence at the home of Linda's parents. If Linda was given custody of Shane, he and Linda's two other children would live with their mother in the mobile home in Mandan.

Testimony at trial indicated that if David obtained custody of the child, Shane would live with his father at the home of his paternal grandparents, a modern three-bedroom home located 11 miles southwest of Shields. David's parents would then assist him in caring for the child. Shane is now almost two and one-half years old and enjoys living in the farm environment. He likes and gets along well with both of his parents.

On 20 July 1979 the trial court awarded custody of Shane to his father, David Gross. The only finding of fact addressing custody of the minor child stated:

"V.

"That it would be in the best interest of the child, Shane Gross, that his custody be awarded to the plaintiff, David Gross."

The court also rendered an oral finding in this case from the bench following the conclusion of the trial. The court stated:

"Regarding custody and visitation, the court finds that it is in the best interest of the child that the custody be awarded to the plaintiff [David Gross]. The defendant [Linda Mae Gross] shall have visitation at reasonable times on reasonable notice, including the right to take the child with her to Mandan one weekend each calendar month from six o'clock on Friday evening until six o'clock on Sunday evening.

"I realize you can argue what's in the best interest of the child. It's my feeling she has two children to take care of, she is of limited earning capacity. The child will get just as much attention with the plaintiff [David Gross] as he would with the defendant [Linda Mae Gross]."

On 20 July 1979, the trial court awarded David Gross a divorce from Linda, approved a property settlement, and awarded custody of the minor child, Shane to David. Linda appealed from that portion of the judgment which awarded custody of Shane to his father.

The only issue in this appeal is whether or not the decision of the trial court awarding custody of the minor child of the parties to David was clearly erroneous in light of the evidence presented at the trial of the case.

In North Dakota a review of the trial court's findings of fact in a divorce action, including a custody determination, is limited to a resolution of whether or not such findings are clearly erroneous within the latitude of Rule 52(a), North Dakota Rules of Civil Procedure. *DeForest v. DeForest*, 228 N.W.2d 919 (N.D.1975); *Matson v. Matson*, 226 N.W.2d 659 (N.D.1975).

The pertinent portion of Rule 52(a), NDRCivP, provides:

"In all actions tried upon the facts without a jury or with an advisory jury, *the court shall find the facts specially* and state separately its conclusions of law thereon and direct the entry of appropriate judgment; . . . Findings of fact

shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . ." [Emphasis added.]

Applying this rule to the case at hand, the finding of the trial court with regard to Shane's best interest will be abandoned only if it is clearly erroneous based upon all the evidence presented to the trial court. The custody award of Shane to David may also be set aside if we are left with a definite and firm conviction that a mistake was made, but not merely because we may have reached a different result had we tried the case. *Schmidt v. Plains Electric, Inc.*, 281 N.W.2d 794 (N.D.1979); *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973).

Linda asserted four theories of clear error by the trial court. First, Linda argued the trial court clearly erred in awarding custody to David because the record failed to show the factual basis for the finding.

We realize that before we can make a determination of whether or not the findings of fact are "clearly erroneous," we must understand the actual basis for the decision of the trial court. Therefore, a finding of fact which failed to show the basis of the trial court's conclusion is clearly erroneous. *DeForest v. DeForest, supra.*

In *DeForest*, this court held that the findings of fact of the trial court were inadequate with regard to the question of the best interest of the child. In that case the custody award was absolutely void of any reference to the basis of the trial court's decision. We therefore found it impossible to obtain a correct understanding of the factual issues and could not determine whether or not the custody award was based upon the best interests of the child. 228 N.W.2d at 924.

As noted above, the trial court's finding of fact in this case stated in part "that it would be in the best interest of the child, Shane Gross, that his custody be awarded to the plaintiff, David Gross." Linda urged, on the authority of *DeForest*, that this statement was not in sufficient detail to satisfy the Rule 52(a) requirement that the

trial court "find the facts *specially*." [Emphasis added.] She argued that the trial court should have set forth in the findings of fact all of the relevant evidence presented at the trial upon which it based its decision.

This court has observed many times in the past that the primary purpose behind the Rule 52(a) "special finding" requirement was to assure a careful consideration of the evidence by the trial court and to afford the appellate court a clear understanding of the basis of a lower court's decision. *DeForest v. DeForest, supra; Ellendale Farmers Union Cooperative Association v. Davis*, 219 N.W.2d 829 (N.D.1974); *Warner v. Johnson*, 213 N.W.2d 895 (N.D. 1973). The only certain method presently known to guarantee that the trial court has made a complete analysis of all the relevant evidence before it is by what the court has separately set down in writing as its precise findings of fact before those findings are reasoned into legal conclusions. We are fully acquainted with the severe strain on the individual schedules of the trial courts and, indeed, sympathize with the pressures of the bench. Nevertheless, we cannot underestimate the absolute necessity of complete and comprehensive findings of fact and want to firmly impress this upon the trial judges and attorneys of this State. A thorough enumeration of the trial court's findings of fact are indispensable to a meaningful appellate disposition of a case heard before a trial judge without a jury.

Turning now to the instant case, it is our opinion that the finding of fact with regard to the custody of Shane, while far from being a model for imitation, satisfied the minimum requirements of Rule 52(a). The trial judge personally listened to the testimony of a number of witnesses in this case, including both David and Linda Gross. He was thus able to evaluate each of these witnesses and determine their respective credibility. Present sense impressions of that nature are not instilled by an appellate perusal of the trial transcript. The written finding of fact by the trial court stated that

it would be in Shane's best interest if his custody be awarded to David Gross. The trial judge also orally stated that he found Linda to have a limited earning capacity and two other children to take care of. The findings also indicated that the father could give as good care to the child as the mother. We agree that the trial court's finding of fact in this case could undoubtedly have been more specific as to what factors were considered in the custody decision. However, we do not believe that the failure to make a more detailed recitation in this case constituted error of a dimension warranting the setting aside of the findings of fact.

Linda's second assertion of clear error by the trial court was that it failed to recognize that ordinarily a mother has a preference when the child is an infant.

North Dakota formerly had a statute [§ 30–10–06, NDCC] which gave a preference to the mother in a custody determination where the child in question was of "tender years." This statute was repealed by Ch. 257, § 82, 1973 Session Laws, North Dakota's version of the Uniform Probate Code. The superseding statute contained no language equivalent to the former "tender years" preference. See Article V, Uniform Probate Code, Chapters 30.1–26 and 30.1–27, NDCC.

■ Linda argued that although the former statute was repealed, the "tender years" concept has been judicially retained in North Dakota. In *Odegard v. Odegard*, 259 N.W.2d 484 (N.D.1977), we said that the statutory repeal of the "tender years" doctrine did not alter the observed fact that mothers of infants are most often better able to care for them than fathers. This statement does not constitute a retention of the "tender years" doctrine. The proper interpretation of *Odegard* is that the observed fact of a mother's caring ability is only one of the many considerations to be weighed by the trial court in making its findings as to the best interests of the child, and to be considered by us in determining whether or not that finding was clearly erroneous. 259 N.W.2d at 486.

■ The trial court in this case heard testimony pertaining to the care of Shane from witnesses for both parties and made its findings of fact based upon that testimony. These findings of fact did not specifically refer to the relative ability of either parent in caring for Shane. We do not believe that clear error was committed simply because this consideration was not specified in the findings of the trial court.

Linda also asserted that the finding of fact awarding the custody of the child of the parties to David was clearly erroneous because Shane would receive more care and attention with his mother. This assertion was contrary to the trial court's oral finding that "the child will get just as much attention with the plaintiff [David Gross] as he would with the defendant [Linda Mae Gross]."

■ As we stated previously, the findings of fact determined by the trial court will be set aside only if they are found clearly erroneous based on the evidence, and not because we might have reached a different result if trying the case. *Schmidt v. Plains Electric, Inc.*, 281 N.W.2d 794 (N.D.1979); *Anderson v. Mooney*, 279 N.W.2d 423 (N.D.1979). We have reviewed the evidence which was before the trial court and conclude that it was not clear error to decide that Shane would get the same amount of attention with his father as with his mother.

Finally, Linda argued that the trial court award of custody to David was clearly erroneous because no evidence was presented at trial which indicated that she was an unfit mother.

■ Fitness of parents is not the test in award of custody matters in North Dakota. The test is the best interest of the child. *Odegard v. Odegard, supra.* The trial court's written finding of fact stated that it was in the child's best interest that custody be awarded to his father. The trial court made the custody determination on the basis of Shane's best interest and not the parents' interest.

For the foregoing reasons, it is our opinion that the findings of fact of the trial court are not clearly erroneous. The custody determination of the trial court is affirmed.

ERICKSTAD, C. J., and SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.