Edward ENNIS, Plaintiff and Appellant,

v.

WILLIAMS COUNTY BOARD OF COM-MISSIONERS and Don Arnson, Marlene Eide, Melford Gudvangen, Julian Gunlikson, Fred E. Hansen, constituting the members of said Board and Peter H. Furuseth, Defendants and Appellees.

Civ. No. 920187.

Supreme Court of North Dakota.

Dec. 14, 1992.

Edward Ennis, pro se.

Charles C. Wilder (argued), Asst. State's Atty., Williston, for defendants and appellees.

ERICKSTAD, Chief Justice.

Edward Ennis appeals from a district court order affirming the Williams County Board of Commissioners' denial of his re-

quest to discharge fines and costs. We affirm.

In August 1982 Ennis was convicted on five felony counts of delivery of controlled substances. He was fined $1,000 on each count and was sentenced to seven years at the state penitentiary on each count, to be served concurrently. The court suspended four years of the sentence upon numerous conditions. On appeal, we reversed the conviction on one count and affirmed the convictions on the remaining four counts. *State v. Ennis*, 334 N.W.2d 827 (N.D.), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 681 (1983).

Ennis served approximately twelve months of his sentence and was released on parole. He subsequently violated conditions of his parole by leaving the state without permission, failing to report to his probation officer, and failing to make any payments on his fines. Ennis was eventually apprehended in Washington and extradited. After a hearing, Ennis's probation was revoked and, in January 1990, he was sentenced to serve five years and nine months. The district court denied a motion for correction of sentence, and we affirmed that denial on appeal. *See State v. Ennis*, 464 N.W.2d 378 (N.D.1990).

On October 6, 1991, Ennis filed a written request with the Williams County Board of Commissioners [the Board] seeking discharge of his fines and costs arising out of the criminal proceedings. Ennis's request was made pursuant to Section 29–26–22.2, N.D.C.C.:

"*Authority to compromise judgment by county commissioners.* The board of county commissioners has authority to compromise and settle any judgment for fines or costs after a lapse of two years from the filing thereof, if in the opinion of said board said judgment cannot be collected in full. Upon receipt of a certified copy of the board's action, the state's attorney of said county shall in accordance therewith make and file a partial or total satisfaction of said judgment as attorney for the county."

The Board initially referred the request to the state's attorney. The state's attorney advised the Board that the statute gave the Board discretion to compromise or excuse uncollected fines and costs in criminal cases. The Board denied Ennis's request at its November 4, 1991 meeting.

Ennis filed an appeal to the district court in accordance with Chapter 11–11, N.D.C.C., and Section 28–34–01, N.D.C.C. The district court, concluding that the Board had not abused its discretion, dismissed the appeal. Ennis then filed this appeal.

### I.

■ Although the parties have not raised the issue, the confusing procedural posture of this case requires us to consider whether we have jurisdiction of this appeal. This court has the duty to dismiss an appeal *sua sponte* for lack of jurisdiction. *E.g., Thompson v. Goetz*, 455 N.W.2d 580, 583 (N.D.1990); *J.S.S. v. P.M.Z.*, 429 N.W.2d 425, 427 (N.D.1988).

No judgment was entered in the district court. On April 27, 1992, the court issued a "Memorandum Decision and Order Dismissing Appeal." No further order or judgment was issued by the court, and on June 17, 1992, Ennis filed an appeal from the "Memorandum Decision and Order Dismissing Appeal."

Although the court's dispositive language purports to dismiss the appeal, it is clear that the court decided the matter on the merits and intended to affirm the decision of the Board. It is also clear that the court intended that this document would resolve the case, without entry of a further order or judgment. The parties treated the court's decision as a final order.

■ An appeal from a memorandum opinion may confer jurisdiction if the memorandum opinion was intended to constitute a final order of the court. *See Midwest Federal Savings Bank v. Symington*, 393 N.W.2d 753, 754 (N.D.1986); *State v. Gelvin*, 318 N.W.2d 302, 304 n. 1 (N.D.), *cert. denied*, 459 U.S. 987, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982). The substance of the court's ruling, rather than the label or form used, is controlling. *See City of Dickinson*

*v. Kraft,* 472 N.W.2d 441, 443–444 (N.D. 1991); *State v. Hogie,* 424 N.W.2d 630, 631 (N.D.1988). Under the unusual circumstances in this case, we conclude that the "Memorandum Decision and Order Dismissing Appeal" is in the nature of a final order upholding the decision of the Board. *See City of Fargo v. Stensland,* 492 N.W.2d 591, 592 n. 1 (N.D.1992). In light of our often-stated preference to dispose of litigation on its merits rather than procedural grounds, *see, e.g., Davis v. Davis,* 458 N.W.2d 309, 313 (N.D.1990), we conclude that we have jurisdiction of the appeal.

II.

■ Ennis asserts that the Board denied his right to due process of law. Relying upon *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), *Howes v. North Dakota Workers Compensation Bureau,* 429 N.W.2d 730 (N.D.1988), and *Powell v. Hjelle,* 408 N.W.2d 737 (N.D. 1987), Ennis asserts that he was denied a meaningful opportunity for a hearing, procedural fairness, and written reasons for the denial of his request.

■ Ennis has focused upon the nature of the process which is due when the Due Process Clause is invoked; however, that is merely the second half of the two-part due process equation. The inquiry in resolving due process claims is twofold: whether a constitutionally protected property or liberty interest is at stake and, if so, whether minimum procedural due process requirements were met. *Livingood v. Meece,* 477 N.W.2d 183, 193 (N.D.1991). If no constitutionally protected interest is involved, the due process requirements do not apply. *See Board of Regents v. Roth,* 408 U.S. 564, 570–571, 92 S.Ct. 2701, 2705–2706, 33 L.Ed.2d 548, 557 (1972).

Because Ennis's interests in this case are purely financial, no liberty interest is raised, and our inquiry focuses upon whether the statute creates a constitutionally protected property interest in having previously imposed criminal fines and costs compromised or discharged. In setting the constitutional parameters of property rights encompassed within the Due Process Clause, the United States Supreme Court has rejected the "wooden distinction between 'rights' and 'privileges'" that historically governed application of due process rights, *Roth, supra,* 408 U.S. at 571, 92 S.Ct. at 2706, 33 L.Ed.2d at 557, in favor of the more flexible "claim of entitlement" standard:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.

■ Property interests are not created by the Constitution, but rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law. *E.g., Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 161, 101 S.Ct. 446, 451, 66 L.Ed.2d 358, 364 (1980); *Rudnick v. City of Jamestown,* 463 N.W.2d 632, 638 (N.D.1990). The hallmark of a property right is an individual entitlement, grounded in state law, which cannot be removed except for cause. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265, 274 (1982).

■ A crucial factor in determining whether a particular statutory benefit constitutes a property interest is the nature and degree of discretion given to the governmental administrator in awarding or denying the benefit. A statute does not create an entitlement for due process purposes if the statute confers discretion on the governmental agency or official without providing objective criteria for and limitations upon that discretion. *See, e.g., Gardner v. City of Baltimore,* 969 F.2d 63, 68 (4th Cir.1992); *Silver v. Franklin Township,* 966 F.2d 1031, 1036 (6th Cir. 1992); *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1116 (10th Cir.1991); *Griffith v. Johnston,* 899 F.2d 1427, 1440 (5th Cir.1990); *Craft v. Wipf,* 836 F.2d 412, 417 (8th Cir.1987). In *Roth,* the Court stressed the "unfettered

discretion" of university officials in concluding that an untenured teacher had no property interest in being rehired after the expiration of his contract. *Roth, supra,* 408 U.S. at 567, 92 S.Ct. at 2704, 33 L.Ed.2d at 555.

Section 29–26–22.2, N.D.C.C., creates no "claim of entitlement" in defendants to a compromise of their costs and fees. The statute merely authorizes the Board to compromise and settle judgments for such costs and fees. The Board is accorded broad, unfettered discretion in exercising its authority. The statute provides no objective criteria or standards, nor any significant limitation upon the Board's discretion. At best, the statute creates "an abstract need or desire," or a "mere unilateral expectation," of potential benefits. *See Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561; *Webb's Fabulous Pharmacies, supra,* 449 U.S. at 161, 101 S.Ct. at 451, 66 L.Ed.2d at 364–365. We conclude that the statute does not create a constitutionally protected property interest that would give rise to due process rights.[1]

### III.

Ennis asserts that the Board abused its discretion in denying his request to compromise his costs and fees. We disagree.

Ennis has appealed pursuant to the provisions of Chapter 11–11, N.D.C.C., and Section 28–34–01, N.D.C.C. Prior to 1989, Section 11–11–43, N.D.C.C., provided that decisions of a board of county commissioners could be appealed to the district court, where the appeal was to be "heard and determined de novo." In *Shaw v. Burleigh County,* 286 N.W.2d 792, 796–797 (N.D. 1979), we concluded that, in order to comply with the constitutional separation-of-powers doctrine, "de novo" review under Section 11–11–43 would be limited to the determination whether the board abused its discretion by acting in an arbitrary, capricious, or unreasonable manner. We further held that the same standard applies to

Supreme Court review of a subsequent appeal from the district court's decision. *Shaw, supra,* 286 N.W.2d at 797.

In 1989, the Legislature amended Section 11–11–43 to remove the reference to de novo review. 1989 N.D.Sess. Laws Ch. 83, § 5; *see also Riverview Place, Inc. v. Cass County,* 448 N.W.2d 635, 638 n. 2 (N.D.1989). We have subsequently noted that judicial review of a decision of a board of county commissioners is "limited to determining if the decision being reviewed is arbitrary, capricious, or unreasonable." *Gullickson v. Stark County Board of County Commissioners,* 474 N.W.2d 890, 892 (N.D.1991). Our scope of review is the same as the district court's, and we independently determine the propriety of the board's decision without according special deference to the district court's review. *Gullickson, supra,* 474 N.W.2d at 892. We do not substitute our judgment for that of the board. *Pic v. City of Grafton,* 460 N.W.2d 706, 710 (N.D.1990).

Ennis argues that the Board's failure to give any reasons or rationale for its denial of his request demonstrates an arbitrary, capricious, and unreasonable decision. Although the reasoning given by the Board is hardly a model of clarity,[2] when read in light of the statute it is sufficient to enable us to discern the rationale for the Board's decision. *See State v. Schmitz,* 474 N.W.2d 249, 251 n. 5 (N.D.1991); *Ness v. Ness,* 467 N.W.2d 716, 718 (N.D.1991).

Section 29–26–22.2, N.D.C.C., although granting to the Board broad discretion in deciding whether to compromise and settle a judgment for fines and costs, does provide one concrete benchmark: the Board is to exercise its authority only "if in the opinion of said board said judgment cannot be collected in full." Accordingly, a party seeking compromise and settlement of fines and costs must provide information demonstrating that he is, and will continue to be, unable to pay the judgment in full.

---

1. We further note that the fines and costs at issue in this case stem from the prior criminal proceedings, in which Ennis received the full measure of due process protections.

2. The Board did not issue a written decision. The Board denied Ennis's request by passage of an oral motion at a regular meeting of the Board.

In this case, Ennis's written request to the Board contained only general, conclusory allegations of his inability to pay the judgment. In essence, Ennis asserted that he is currently incarcerated at the state penitentiary, that his legal costs have rendered him destitute, and that his status as a convicted felon will make it impossible for him to obtain substantial employment upon his release. However, all of these factors would undoubtedly apply to most inmates serving time for felony convictions. Ennis's expected release date is January 1994, and he does not assert that his age or health will prevent him from obtaining gainful employment upon his release. The Board impliedly considered all of these factors when, in denying Ennis's request, it specifically noted the lack of any unusual or unique circumstances in his case. We conclude that the Board did not act in an arbitrary, capricious, or unreasonable manner in denying Ennis's request.

Although we conclude that the Board did not abuse its discretion in denying Ennis's request, one aspect of the Board's decision is particularly troubling and warrants further discussion. The motion passed by the Board purported to deny not only Ennis's request but also "other such requests unless there can be shown that there is something unusual." The language of the motion implies that the Board will deny future requests without individual consideration.

In a related context, involving a statute authorizing courts to waive filing fees for indigent litigants, we noted:

"We assume from reading § 27–01–07 that the Legislature intended that a court is entitled to exercise its discretion in examining a request to proceed in forma pauperis. At the same time, the Legislature contemplated that a court would not be allowed to arbitrarily deny such a request." *Patten v. Green*, 369 N.W.2d 105, 107 (N.D.1985).

Similarly, we assume that in enacting Section 29–26–22.2, N.D.C.C., the Legislature contemplated that the Board would not arbitrarily deny requests for relief. Part of any non-arbitrary consideration of such a request is that it be reviewed on its individual merits. Denial of "other such requests" in the future without individual consideration would be arbitrary, capricious, and unreasonable, and would constitute an abuse of the discretion accorded to the Board under Section 29–26–22.2, N.D.C.C.

We have considered the remaining issues raised by Ennis and find them to be without merit. We affirm the order of the district court upholding the Board's denial of Ennis's individual request.

VANDE WALLE, JOHNSON, MESCHKE and LEVINE, JJ., concur.