Dean W. FAHLSING, Plaintiff
and Appellee

v.

Linda K. TETERS, f/k/a Linda K. Jensen,
and Eldon A. Jensen, Defendants and
Appellants.

Civ. No. 950377.

Supreme Court of North Dakota.

July 24, 1996.

Francis C. Rohrich, Linton, for plaintiff and appellee.

Deborah J. Carpenter, of Carpenter Offices, Bismarck, for defendants and appellants.

SANDSTROM, Justice.

Linda Teters and Eldon Jensen appealed from a judgment granting custody of Shawn Jensen to his father, Dean Fahlsing. We affirm, concluding the judgment was not an impermissible attack on a previous order and judgment, and the court did not err by refusing to grant a longer continuance.

I

Dean Fahlsing and Linda Teters were never married. Their son, Shawn Jensen, was born on July 24, 1982. Eldon Jensen, the maternal grandfather, was appointed guardian for Shawn on August 15, 1984. Thereafter, Eldon Jensen raised Shawn with assistance from his neighbors, Jerry and Mary Ann Schweitzer.

On July 12, 1994, Fahlsing petitioned the court for custody of Shawn. The court-appointed guardian ad litem submitted a report on December 28, 1994, recommending guardianship of Shawn be temporarily transferred to the Schweitzers, and recommending the court revisit the custody issue after Shawn had an opportunity to develop a relationship with both Fahlsing and Teters through visitation. The guardian ad litem's report indicated Eldon Jensen's age and declining health were making it increasingly difficult for him to provide a proper home and the continuing care needed by Shawn.

On December 30, 1994, the court issued an order appointing the Schweitzers temporary guardians until June 1, 1995, "unless subsequently extended by the [c]ourt," and for custody of Shawn to be placed with Teters on June 1, 1995, "[u]nless otherwise subsequently ordered by this [c]ourt." The order also required the parties to "give serious consideration" to Shawn's preferences after June 1, 1995. Judgment was entered February 3, 1995, without an order for entry of judgment. Notice of entry of judgment was not served.

On June 20, 1995, Fahlsing moved to modify the February 3, 1995, judgment. In the motion, he alleged custody had never been determined. On August 1, 1995, Fahlsing filed a supplemental motion to declare the February 3, 1995, judgment void. Fahlsing's motions were heard before a different judge on August 16 and 18, 1995. At the hearing, Shawn expressed his preference for the first time, which was to live with Fahlsing. The district court found Teters had failed to pro-

vide financial support, and had provided only intermittent emotional support for Shawn. The district court granted custody of Shawn to Fahlsing by judgment entered September 20, 1995. Teters and Eldon Jensen appealed.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). We have jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

■ Teters and Eldon Jensen argue the September 20, 1995, judgment is an impermissible attack on the December 30, 1994, order and the February 3, 1995, judgment. Whether a subsequent action is an impermissible attack on a judgment is a question of law. *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D.1992). Matters of law are fully reviewable by this Court on appeal. *E.g., Simons By and Through Simons v. Gisvold*, 519 N.W.2d 585, 587 (N.D.1994).

■ A judgment is neither effective nor final until it is entered. *Monson v. Nelson*, 145 N.W.2d 892, 896 (N.D.1966). N.D.R.Civ.P. 52(a) requires the court to direct entry of the appropriate judgment. N.D.R.Civ.P. 58 contemplates entry of judgment only upon filing an order for judgment. Before a valid judgment can be entered, an order for judgment is required. *Lang v. Bank of Steele*, 415 N.W.2d 787, 789–90 (N.D. 1987) (order for judgment was implicit in trial court's memorandum opinion). When a clerk files an instrument entitled "judgment" without an order directing the clerk to enter judgment, the purported judgment is void. *Fettig v. Fettig*, 176 N.W.2d 523, 525 (N.D. 1970); *Dibble v. Hanson*, 17 N.D. 21, 114 N.W. 371 (1907).

■ We conclude the February 3, 1995, judgment is void because the court did not direct judgment to be entered. The record contains no order for entry of judgment, and an order for judgment is not implicit in the December 30, 1994, order.

■ A trial court is statutorily vested with the responsibility of awarding custody of a child to the parent who will promote the best interests and welfare of the child. N.D.C.C. § 14–09–06.1; *McAdams v. McAdams*, 530 N.W.2d 647, 650 (N.D.1995). When awarding custody, a trial court must consider and evaluate "all factors affecting the best interests and welfare of the child" enumerated in N.D.C.C. § 14–09–06.2. *Roen v. Roen*, 438 N.W.2d 170, 173 (N.D.1989). This responsibility cannot be designated to a guardian ad litem. *Schneider v. Livingston*, 543 N.W.2d 228, 233 (N.D.1996). A trial court need not make an express finding as to each statutory factor that may affect the best interests of a child, but it should do so as to each factually significant factor. *Dschaak v. Dschaak*, 479 N.W.2d 484, 486 (N.D.1992). An award of custody must contain a reference to the basis for the trial court's decision, demonstrating the award is based upon the best interests of the child. *DeForest v. DeForest*, 228 N.W.2d 919, 924 (N.D.1975).

The December 30, 1994, order is incomplete. The court did not "find the facts specifically and state separately its conclusions of law thereon" as required by N.D.R.Civ.P. 52(a). The record before us does not show the trial court considered the best interests of Shawn when issuing the December 30, 1994, order. The order appears provisional and contains references to a future order with instructions for Shawn's preferences to be considered.

■ An order may be rescinded or modified by the trial court until judgment is entered. *City of Minot v. Minot Highway Center, Inc.*, 120 N.W.2d 597, 600 (N.D.1963). The doctrine of res judicata only prohibits relitigation of a claim or issue resolved by a final judgment. *Wetch v. Wetch*, 539 N.W.2d 309, 311 (N.D.1995). When a trial court makes only a tentative decision and contemplates making a more definitive decision, the order is not final and is not res judicata. *Devine v. Fitzpatrick*, 258 N.W.2d 247, 249 (N.D.1977).

In *In Interest of R.H.*, 262 N.W.2d 719, 723 (N.D.1978), this Court, noting the temporary nature of the order, held a child deprivation finding in an order transferring temporary legal custody was not res judicata on the

issue of deprivation at a subsequent hearing to determine parental rights.

The December 30, 1994, order of the court is similarly temporary. The incompleteness of that order, its provisional nature, and the court's failure to order entry of judgment indicate a final decision had not been made. The December 30, 1994, order was interlocutory. Accordingly, we conclude the September 20, 1995, judgment is not an impermissible attack on the December 30, 1994, order or the February 3, 1995, judgment.

### III

 Teters and Eldon Jensen argue the district court abused its discretion by not granting a longer continuance after deciding to hear the case as an original custody decision rather than a modification of custody. At the August 16, 1995, hearing, the district court initially indicated the hearing was for modification of custody. After hearing evidence that day, and upon further review, the district court concluded it would be making an original custody decision. The court continued the hearing from August 16 to August 18, 1995, to give Teters and Eldon Jensen additional preparation time.

 A motion for a continuance will be granted only for good cause shown. *E.g., In Interest of J.S.*, 545 N.W.2d 145 (N.D. 1996), citing N.D.R.O.C. 6.1(b). The decisions to grant a motion for a continuance and the length of a continuance are within the discretion of the trial court. *Service Oil, Inc. v. State*, 479 N.W.2d 815, 818 (N.D.1992). Unless the trial court abuses its discretion, its ruling will not be overturned on appeal. *E.g., Witthauer v. Burkhart Roentgen, Inc.*, 467 N.W.2d 439, 442 (N.D.1991). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *E.g., Ward v. Shipp*, 340 N.W.2d 14, 17 (N.D.1983).

 In an original custody determination, the trial court focuses solely on the best interests and welfare of a child. N.D.C.C. §§ 14–09–06.1 and 14–09–06.2; *Dalin v. Dalin*, 512 N.W.2d 685, 687 (N.D.1994). In an action to modify custody, the court must first determine whether there has been a significant change in circumstances since the original placement. *E.g., Barstad v. Barstad,* 499 N.W.2d 584, 587 (N.D.1993). If there has been a significant change, the court must then find whether the change compels, in the child's best interests, a change of custody. *Barstad.* Teters and Eldon Jensen should have been prepared, therefore, to present evidence regarding Shawn's best interests on August 16, 1995, or, certainly, by August 18, 1995. Teters and Eldon Jensen had no right to rely on the December 30, 1994, order, which was interlocutory, or on the February 3, 1995, judgment, which was void because its entry was not directed by the court.

Teters and Eldon Jensen argue the district court erred by not granting a longer continuance because they were unable to present photographic evidence without additional preparation time. Teters and Eldon Jensen's argument is unpersuasive. Photographs would probably have had minimal evidentiary value. We note Teters and Eldon Jensen did not present photographic evidence at the August 26, 1994, hearing, which they have argued should be treated as an original custody proceeding.

Teters and Eldon Jensen also argue the district court erred by not granting a longer continuance because they were unprepared and unable to present psychological testimony regarding Shawn's best interests. The district court accommodated the request for a longer continuance by saying it would allow additional time for psychological evaluation of Shawn if Teters and Eldon Jensen demonstrated a need for psychological evaluation. Teters and Eldon Jensen made no attempt to demonstrate that need. We conclude the district court did not abuse its discretion by refusing to grant a longer continuance.

### IV

The judgment of the district court is affirmed.

NEUMANN, MARING and MESCHKE, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

I concur in the result and much of the discussion in the majority opinion.

I am not entirely convinced the trial court did not intend its December 30, 1994 order to be "final," at least as final as an order can be containing a provision "unless otherwise subsequently ordered by this court" and requiring the parties to "give serious consideration" to Shawn's preferences. Therefore, the lack of words specifically ordering judgment to be entered is not, to me, necessarily decisive. The substance of the court's ruling rather than the label or form used is controlling in determining the finality of a ruling for purposes of appeal. *E.g., Ennis v. Williams County Bd. of Com'rs*, 493 N.W.2d 675 (N.D. 1992). A "judgment" as used in the North Dakota Rules of Civil Procedure "includes a decree and any order from which an appeal lies." Rule 54(a), NDRCivP. I believe an appeal would lie from the December 30, 1994 order if one had been taken. For example, although no document entitled "order for judgment" is issued, an order for judgment may be implicit in a memorandum opinion.

*Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987).

Furthermore, child custody is never "final" in the sense that other judgments might be considered final. *See, e.g., Fichter v. Kadrmas*, 507 N.W.2d 72 (N.D.1993); *Nygord v. Dietz*, 332 N.W.2d 708 (N.D.1983). A motion to change custody and a showing of a change in circumstances are, of course, required before a court can consider whether or not a child's interests are best served by a change in custody. *Id.*

Insofar as a change of circumstances was required to change custody, the record is replete with evidence of such changes.