2001 ND 60

**James HORSLEY, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee,**

and

**Strategic Telecommunications, Inc., Respondent.**

**No. 20000237.**

Supreme Court of North Dakota.

March 20, 2001.

Bruce A. Schoenwald, Moorhead, MN, for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, ND, for appellee.

SANDSTROM, Justice.

[¶ 1] James Horsley appealed a judgment affirming, in part, a North Dakota Workers Compensation Bureau order and remanding for further evidence. We conclude the judgment must be vacated because the court did not order entry of a judgment, and we dismiss the appeal.

I

[¶ 2] Horsley was injured on June 12, 1998, when he fell while employed by Strategic Telecommunications, Inc., in Fargo. Horsley, who previously had total hip replacements, injured his head and was admitted to a Fargo hospital, where x-rays revealed fractures of both thighbones. Horsley was transferred to St. Mary's Hospital at Rochester, Minnesota, for surgery. Before Horsley could undergo surgery, he had to have seven abscessed teeth removed to prevent the possibility of infection at the site of his hip surgery. On June 19, 1998, surgery was performed on Horsley's left hip. After that surgery, Horsley was unable to bear weight on his right leg. Horsley had surgery on his right hip on August 7, 1998. Horsley needed nursing home care during his recovery.

[¶ 3] The Bureau accepted liability for the injuries to Horsley's head and left hip. The Bureau found the evidence did not show Horsley's abscessed teeth and right hip problems were caused by his work injury and ordered it was "not liable for claimant's abscessed teeth and right hip problems." The Bureau notified Horsley it was not liable for his right hip injury and would, therefore, "accept liability for nursing home coverage from August 14, 1998 until your discharge date at 50 percent liability."

[¶ 4] At Horsley's request, a hearing was held before a temporary administrative law judge on June 16, 1999. Before the hearing, Horsley requested evidence from his surgeon. He received a letter, two days after the hearing, in which his surgeon, Robert T. Trousdale, said:

I would suggest that the fall that you sustained was a contributing factor [in] your hip problems in a sense that before the fall you were able to bear full weight on the legs and after the fall you were unable to bear weight on the legs..... I agree completely that the postoperative care would have been virtually the same with or without the right leg operation.

On June 18, 1999, Horsley requested this evidence be entered in the record, noting he did "not have an attorney and did not realize I could request that the hearing record be left open for a period of time to obtain the letter." The Bureau objected to Horsley's request, and the administrative law judge denied it. The administrative law judge recommended finding treatment for Horsley's abscessed teeth and his "right hip problems ... were caused by the June 12, 1998, work injury." The administrative law judge recommended the following order:

IT IS ORDERED that claimant is entitled to payment of medical expenses regarding his abscessed teeth and payment of all workers compensation benefits relating to his right hip problems, including but not limited to, payment of 100 percent of his nursing home stay from August 14, 1998, until his discharge date.

[¶ 5] In its final order, the Bureau found extraction of Horsley's abscessed teeth was required prior to surgery on his left hip, there was no evidence Horsley's abscessed teeth were caused by the work injury, and the Bureau was not liable for restorative dental treatment. The Bureau found "the need for claimant's right hip prosthetic revision was not caused by the June 12, 1998 work injury, nor was the work injury a substantial accelerating factor." The Bureau concluded extraction of Horsley's abscessed teeth was reasonable and necessary treatment for his work injury, but subsequent restorative dental treatment was not, and the Bureau was not liable for it. The Bureau concluded

Horsley was not entitled to payment for any treatment related to his right hip. The Bureau concluded it paid for nursing home care for 62 days, and thereafter "appropriately paid nursing benefits on an aggravation basis." The Bureau ordered payment for extracting Horsley's abscessed teeth and ordered his "nursing home/convalescent care be paid on a 50% basis pursuant to the aggravation provisions found in section 65–05–15."

[¶ 6] Horsley appealed to the district court. In his specifications of error, Horsley asserted there was an insufficient basis for the Bureau's conclusions about his restorative dental treatment, his right hip, and his nursing home care. Horsley also specified the following issue:

> The Bureau improperly took an adversarial role in the proceedings by refusing to allow the admission of relevant medical evidence in the form of a letter from his treating orthopedic surgeon which arrived too late for the hearing and which claimant sought to introduce into the proceedings.

Horsley filed an in forma pauperis petition and an affidavit with the district court. The district court found Horsley was indigent and ordered the filing fee and the cost of preparing and filing the record be waived.

[¶ 7] In a memorandum opinion and order, the district court upheld the Bureau's denial of benefits for restorative dental work and upheld the Bureau's determination that Horsley's right hip injury was unrelated to his work injury. The court recognized "it is not uncommon for the medical record in workers compensation cases to be held open for a short period of time to allow for clarification of medical issues." The court noted "the Bureau objected to relevant evidence that would have addressed one of the fundamental issues in the case." The court ruled:

> [T]he Court finds that the failure of the Claimant to ask that the record be held open for a short period [of] time to supplement the medical record consti-

tutes plain error justifying the application of the "plain error doctrine," that the Bureau assumed an improper adversarial role in objecting to receipt of Dr. T[r]ousdale's supplemental report and that the error in refusing to receive the supplemental report cannot be held to be harmless as a matter of law. As to this sub-issue the Court remands to the Bureau with instructions that the report of Dr. T[r]ousdale shall be received into evidence and that the Bureau shall be afforded the opportunity to reopen the record to present such further evidence on the issue of apportionment of benefits for nursing services as may be appropriate and admissible under the rules of procedure and evidence.

The court noted there was no evidence for apportioning Horsley's nursing services:

> Horsley's nursing home care was paid for on a fifty percent basis by the North Dakota Workers Compensation Bureau because there was no competent evidence in the record from which it could determine what portion of the nursing home services were attributable to the compensable left leg injury and what portion of those services were attributable to the noncompensable right leg injury. Dr. T[r]ousdale's opinion goes to the heart of this question.

The court held Horsley's failure to request the record be held open for supplemental evidence from Dr. Trousdale was plain error that affected substantial rights, because the only evidence on the issue was from Dr. Trousdale and Horsley was deprived of a meaningful opportunity to have this issue fully considered.

[¶ 8] The court said the Bureau's course of action was improper, and "amounted to a decision to advocate for a position inconsistent with what the evidence would have supported had Horsley not committed plain error." The Court held "the issue as to whether or not the nursing services should be paid on a 50 percent aggravation basis should be re-

manded to the Bureau for further consideration," and directed the Bureau to receive the opinion of Dr. Trousdale. The district court ordered:

> IT IS HEREBY ORDERED that the Final Order of the North Dakota Workers Compensation Bureau is in all things AFFIRMED EXCEPT AS IS PROVIDED in the further order below;
>
> IT IS FURTHER ORDERED that the failure to hold open the record for the supplemental medical report of Dr. T[r]ousdale was plain error on the part of Horsley and that the objections of the Bureau to the receipt of the evidence was improper. IT IS FURTHER ORDERED that the determination of the Bureau that nursing services should be paid on a 50 percent aggravation basis is REVERSED AND REMANDED WITH FURTHER INSTRUCTIONS. On remand the Bureau shall receive into evidence the supplemental report of Dr. T[r]ousdale. If the Bureau concludes that further evidence on the issue of the applicability of section 65–05–15 of the North Dakota Century Code is necessary, including consultation with an independent expert, the record shall be re-opened and further proceedings held upon proper notice and identification of the issue to be redetermined.

The court did not order entry of judgment, but the Bureau had a judgment entered by the Clerk of District Court on June 12, 2000. Horsley appealed to this Court.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 28–32–15, and 65–10–01. Horsley's appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. art. VI, § 2.

## II

[¶ 10] Rule 58(a), N.D.R.Civ.P., provides, in part:

> (a) Entry of Judgment. Upon the filing of an order for judgment, the prevailing party shall submit to the clerk an appropriate form of the judgment. The clerk shall sign and file the judgment and make an entry of it in the register of civil actions, at which time the judgment becomes effective.

The rule "contemplates entry of judgment only upon filing an order for judgment. Before a valid judgment can be entered, an order for judgment is required." *Fahlsing v. Teters*, 552 N.W.2d 87, 89 (N.D.1996).

[¶ 11] An appeal may be taken from a judgment entered without an order for entry of judgment if the trial court intended to dispose of the case and intended that a judgment be entered and if "an order for judgment is implicit in the trial court's memorandum opinion." *Lang v. Bank of Steele*, 415 N.W.2d 787, 789 (N.D. 1987). A judgment is void if the court did not direct judgment to be entered and an order for judgment is not implicit in the court's order. *Fahlsing*, 552 N.W.2d at 89. Here, there was no explicit order for entry of judgment, and the judgment from which this appeal was taken must be vacated unless we determine "an order for judgment is implicit in the trial court's memorandum opinion." *Lang*, at 789.

[¶ 12] In an appeal from an administrative agency decision, N.D.C.C. § 28–32–18 authorizes a district court to receive and consider additional or excluded evidence:

> If an application for leave to offer additional testimony, written statements, documents, exhibits, or other evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that the additional evidence is relevant and material and that there were reasonable grounds for the failure to offer the evidence in the hearing or proceeding, or that the evidence is relevant and material to the issues involved and was rejected or excluded by the agency, the court may order that the additional evidence be taken, heard, and considered by the agency on terms and conditions as the

court may deem proper. After considering the additional evidence, the administrative agency may amend or reject its findings of fact, conclusions of law, and order, and shall file with the court a transcript of the additional evidence together with its new or amended findings of fact, conclusions of law, and order, if any, which constitute a part of the record with the court.

Under N.D.C.C. § 28–32–18, a party on appeal from an administrative agency decision may apply for leave to offer additional evidence, which the court may order "taken, heard and considered on terms and conditions as it deems proper." *Otto v. North Dakota Workers Comp. Bureau,* 533 N.W.2d 703, 705 (N.D.1995). Section 28–32–18, N.D.C.C., "specifically requires that the agency file a transcript of any additional evidence and any amended findings, conclusions, or decision with the district court." *Luithle v. Burleigh County Social Services,* 474 N.W.2d 497, 499 (N.D.1991). "Section 28–32–18, N.D.C.C., evinces a clear legislative intent that the district court retain jurisdiction when the matter is remanded for the limited purpose of considering additional, rejected, or excluded evidence." *Luithle,* at 499–500.

[¶ 13] "If the agency has an opportunity to correct its own errors, a judicial controversy may be mooted or, at a minimum, piecemeal appeals may be avoided." *Johnson v. Traynor,* 1998 ND 115, ¶ 20, 579 N.W.2d 184 (quoting *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy,* 1997 ND 54, ¶ 11, 561 N.W.2d 634). We have a "long-standing policy against piecemeal appeals." *Sickler v. Kirkwood,* 1997 ND 40, ¶ 5, 560 N.W.2d 532. "Where unsettled issues are evident and are linked to those brought for review, piecemeal appeals should not be encouraged without appropriate reason." *Sprunk v. North Dakota Workers Comp. Bureau,* 1998 ND 93, ¶ 16, 576 N.W.2d 861 (quoting Justice Meschke's concurring opinion in *In re Estate of Stuckle,* 427 N.W.2d 96, 103 (N.D.1988)). A decision

favorable to a claimant on remand to the Bureau may "obviate[ ] the need for further appellate review, thus satisfying our policy against piecemeal appeals as well as furthering judicial economy." *Robertson v. North Dakota Workers Comp. Bureau,* 2000 ND 167, ¶ 19, 616 N.W.2d 844.

[¶ 14] The district court affirmed the Bureau's decision in part. It treated Horsley's specification of issues as a request for consideration of evidence excluded by the Bureau and held the administrative law judge's failure to consider additional medical evidence from Dr. Trousdale was plain error, which deprived Horsley "of a meaningful opportunity to have his nursing services fully considered." The court ordered the matter of payment for nursing services reversed, and remanded the matter for consideration of additional evidence, which Horsley had sought before the hearing, but which did not become available until two days after the hearing. The court also gave the Bureau an opportunity to consider other additional evidence if it chose to do so. The court did not order entry of judgment.

[¶ 15] The incompleteness of the district court's order, its provisional nature, and the court's failure to order entry of judgment indicate a final decision had not been made. *Fahlsing v. Teters,* 552 N.W.2d at 90. The district court's remand for consideration of the excluded medical evidence comports with our long-standing policy against piecemeal appeals and promotes judicial economy, inasmuch as a decision favorable to Horsley on remand to the Bureau may obviate the need for further appellate review. Under these circumstances, we conclude the district court's memorandum opinion does not contain an implicit order for entry of judgment. Because the record contains no explicit or implicit order for entry of judgment, the judgment entered must be vacated.

## III

[¶ 16]   We vacate the judgment, dismiss the appeal, and remand for completion of the proceedings pending below.

[¶ 17] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.