2003 ND 158

**ALERUS FINANCIAL, N.A.,
a corporation, Plaintiff
and Appellee,**

v.

**Timothy C. LAMB and Elizabeth
Fletcher Lamb, Defendants
and Appellants,**

Community National Bank of Grand Forks, City of Grand Forks, and University Heights Town Homes Association, Inc., Defendants.

**No. 20030106.**

Supreme Court of North Dakota.

Oct. 23, 2003.

Timothy C. Lamb, pro se, Grand Forks, N.D., defendants and appellants.

Patrick W. Fisher (argued) and Troy J. LeFevre, Fisher & Olson, Grand Forks, N.D., for plaintiff and appellee.

MARING, Justice.

■ [¶ 1] Timothy C. Lamb ("Lamb") and Elizabeth J. Fletcher Lamb[1] appeal from a judgment granting Alerus Financial ("Alerus") foreclosure of its mortgage on a residential property owned by Lambs. We affirm.

I

[¶ 2] Timothy and Elizabeth J. Fletcher Lamb owned property in Grand Forks, North Dakota. In 1997, the Lambs obtained two loans from the United States Small Business Administration ("the SBA"), using five pieces of Grand Forks property as collateral. The SBA assigned the notes to LLP Mortgage, Ltd. in February of 2001. In March of 2002, LLP Mortgage, Ltd.'s agent, Beal Bank, assigned the notes to Alerus. The Lambs defaulted on both notes, and Alerus commenced a foreclosure proceeding. Alerus personally served the Lambs with the Complaint, Notice of Filing, and Summons on October 16, 2002. Lamb filed his answer on November 13, 2002, six (6) days late.

[¶ 3] Alerus moved for summary judgment on December 16, 2002. Lamb failed to respond to the motion within thirty (30) days. Instead, Lamb moved for a continuance on January 21, 2003, under N.D.R.Ct. 6.1, arguing he needed more time due to other cases before the court where he was a defendant. The record contains no Affidavit of Service by mail for Alerus' motion for summary judgment. However, the supporting documents were signed December 13, 2002, and filed December 16, 2002. In Alerus' Return of Motion for Continuance and Brief, it states it served the motion for summary judgment by mail on December 13, 2002. Under Rule 11(b)(3), when Alerus' attorney signed the pleading he certified the "factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." N.D.R.Civ.P. 11(b)(3). Allowing three days for service by mail pursuant to N.D.R.Civ.P. 6(e), Lamb's response was due January 15, 2003. Further, Lamb admitted in oral argument his Motion for Continuance was untimely. The trial court denied Lamb's motion on January 30, 2003, concluding he showed no sufficient basis for a continuance.

[¶ 4] Lamb filed a motion for a new trial under N.D.R.Civ.P. 59(b)(4) on February 11, 2003, claiming to have new evidence he did not discover before trial. The trial court granted summary judgment to Alerus on February 20, 2003, without reference to Lamb's motion for a new trial.

[¶ 5] Lamb requested a stay of the judicial sale pending appeal, which the trial court denied. The trial court also denied Lamb's motion for reconsideration of his motion to stay. On April 9, 2003, the trial court denied Lamb's motion for a new trial in the judgment and stated it had mistak-

---

1. Elizabeth J. Fletcher Lamb did not file an answer and is in default. In the notice of appeal, Elizabeth purports to appeal, but she did not sign the brief on appeal. In addition, the brief does not address the issue of Elizabeth J. Fletcher Lamb's default on the complaint. We will only decide those issues which have been thoroughly briefed and ar-

gued. *Olander Contracting Co. v. Gail Wachter Investments*, 2002 ND 65, ¶ 32, 643 N.W.2d 29. "An issue not supported by argument in a brief will not be considered on appeal." *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514. Accordingly, we consider only those issues briefed by Timothy Lamb.

enly not addressed the motion for a new trial because it had not been aware Lamb had filed the motion. Nevertheless, the trial court denied the motion on the merits, concluding there was no ground for a new trial. Lamb appeals from the summary judgment.

## II

■■ [¶ 6] Lamb argues the trial court abused its discretion when it denied his motion for a continuance because his motion was timely and the denial of a continuance cut short his time for discovery. A motion for a continuance will only be granted for good cause shown. *Fahlsing v. Teters*, 552 N.W.2d 87, 90 (N.D. 1996). Absent an abuse of discretion, this Court will not overturn a trial court's decision regarding a motion for a continuance. *Id.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.*

■ [¶ 7] Lamb incorrectly moved for a continuance under N.D.R.Ct. 6.1. The substance of Lamb's motion requested more time to respond to Alerus' summary judgment motion. Rule 56, which governs summary judgment, states, "the adverse party shall have 30 days after service of a brief within which to serve and file an answer brief and supporting papers." N.D.R.Civ.P. 56. Lamb should have moved for an enlargement of time under N.D.R.Civ.P. 6(b). Even so, when looking at a pleading or motion, we will consider the motion's substance rather than its title to determine the proper nature of the pleading. *See Stearns v. Twin Butte Public School Dist. No. 1*, 185 N.W.2d 641, 645 (N.D.1971) (holding the nature of the claim and relief sought is controlling, not the name of the pleading). Therefore, we will consider Lamb's motion a motion for enlargement of time under N.D.R.Civ.P. 6(b).

[¶ 8] When a motion for enlargement of time is untimely, a court, in its discretion, can grant an enlargement of time only if the failure to file timely was the result of excusable neglect. N.D.R.Civ.P. 6(b)(2). As explained in Section I, Lamb's motion for enlargement of time was untimely. Therefore, Lamb must demonstrate excusable neglect for his failure to respond by January 15, 2003, to Alerus' motion for summary judgment.

■ [¶ 9] The trial court did not abuse its discretion when it determined Lamb's motion for an enlargement of time had no sufficient basis. Lamb's failure to respond to Alerus' motion for summary judgment was not the result of excusable neglect. In his motion for an enlargement of time, Lamb stated, "[d]efendant has been involved in other matters before the Court and needs additional time to make an appropriate response." In Lamb's Brief on Appeal, he also alludes to it being the "holiday season." The trial court concluded Lamb had no sufficient basis for a continuance. This was not an arbitrary, unreasonable, or unconscionable decision. Therefore, the trial court did not abuse its discretion when it denied Lamb's motion for an enlargement of time. This decision would not have been an abuse of discretion even if Lamb's motion had been timely because under Rule 6(b)(1), a trial court may grant an enlargement of time for cause shown in its discretion. N.D.R.Civ.P. 6(b)(1).

[¶ 10] Lamb claims the trial court "cut short any time for discovery" when it denied his motion for an enlargement of time. However, we note he did not make this argument to the trial court. Further, he did not move for more time under N.D.R.Civ.P. 56(f), which would have allowed him time for discovery, if needed to effectively respond to the motion for summary judgment.

## III

**[¶ 11]** Next, Lamb argues the trial court erred when it denied his motion for a new trial under N.D.R.Civ.P. 59(b)(4), because he presented new evidence that would preclude summary judgment. Before a court may grant a new trial on the grounds of newly discovered evidence under N.D.R.Civ.P. 59(b)(4),

> it must be shown: 1) the evidence was discovered following trial; 2) the movant must have exercised due diligence in discovering the evidence; 3) the evidence must not be merely cumulative or impeaching; 4) the evidence must be material and admissible; and 5) the evidence must be such that a new trial would probably produce a different result.

*Johnson v. Johnson*, 2001 ND 109, ¶ 6, 627 N.W.2d 779. We have long held a party must show a manifest abuse of discretion to reverse a trial court's ruling on a motion for a new trial based on new evidence. *See, e.g., Cook v. Stenslie*, 251 N.W.2d 393, 396 (N.D.1977). This standard is a stronger showing of abuse of discretion. *Id.*

**[¶ 12]** Lamb does not satisfy the standard in *Johnson*. The evidence, which Lamb claims precludes summary judgment, is tax statements generated by Beal Bank, LLP Mortgage, Ltd.'s agent. Lamb attempts to mislead the trial court and this Court by implying these statements show he paid the notes. The tax statements establish the loans were paid in April of 2002. If Lamb had paid the notes, he would have known this when he answered the complaint in November of 2002 and when the motion for summary judgment was filed in December of 2002. Alerus' Reply to Defendant's Motion for a New Trial and Brief included documents showing it paid the notes when it bought them from LLP Mortgage, Ltd. Assuming Lamb had been under the impression he paid the notes or someone paid them on his behalf, Alerus' reply indicated otherwise.

**[¶ 13]** In addition, under N.D.R.Civ.P. 59(b)(4), Lamb must have been unable to discover and produce the newly discovered evidence with reasonable diligence. That is not the case here. Alerus paid the notes in April of 2002. At some point before the complaint in October of 2002, Lamb must have known he was no longer making payments or receiving bills on the notes. Further, Lamb had ample opportunity to request the loan records from Beal Bank, LLP Mortgage, Ltd's agent, or request his own banking records prior to his answer in November of 2002, and prior to January 15, 2003, the date his response to Alerus' motion for summary judgment was due. The tax statements were in existence and could have been discovered with due diligence. They are not newly discovered evidence. Therefore, the trial court did not manifestly abuse its discretion when it denied Lamb's motion for a new trial.

## IV

**[¶ 14]** Finally, Lamb argues the trial court erred when it granted summary judgment to Alerus and erred entering judgment of foreclosure because the action violated N.D.C.C. § 32–19–07, the anti-deficiency statute. Lamb gave Alerus a note separate from the SBA notes (non-SBA note). Lamb pledged as collateral one property he owned for both the SBA note and the non-SBA note. Alerus foreclosed the non-SBA note. Subsequently, LLP Mortgage, Ltd. assigned the SBA notes in this case to Alerus. Alerus then commenced this foreclosure on one of the five properties pledged to the SBA as collateral. The foreclosure in this case was not on the same property as in Alerus' non-SBA foreclosure.

**[¶ 15]** Under N.D.C.C. § 32–19–07, a mortgagee cannot collect a deficiency judg-

ment, except as provided in N.D.C.C. §§ 32–19–04 and 32–19–06. Section 32–19–04, N.D.C.C., provides that the plaintiff must state in the foreclosure complaint whether they have pursued a deficiency judgment or intend to pursue a deficiency judgment. Section 32–19–06, N.D.C.C., provides the exact instances when a deficiency judgment may be obtained.

[¶ 16] Lamb argues this case constituted a deficiency action because the property sold to satisfy Alerus' non-SBA note sold for less than the amount due. He argues N.D.C.C. § 32–19–06 requires Alerus to determine the fair value of the property sold to satisfy the non-SBA note before it brings another foreclosure action, even though the present foreclosure is on different notes and different property.

[¶ 17] The anti-deficiency issue was never argued to the trial court. "We have repeatedly held that issues not raised in the trial court cannot be raised for the first time on appeal." *Questa Res., Inc. v. Stott*, 2003 ND 51, ¶ 6, 658 N.W.2d 756 (quoting *Wenzel v. Wenzel*, 469 N.W.2d 156, 158 (N.D.1991)). Therefore, Lamb may not assert this argument on appeal.

[¶ 18] Notwithstanding, Lamb's argument also fails on the merits. A deficiency judgment is defined in N.D.C.C. § 32–19–06 as a judgment against a mortgagor personally. Lamb cited *Black's Law Dictionary's* definition of a deficiency judgment, "[a] judgment against a debtor for the unpaid balance of the debt if a foreclosure sale or a sale of repossessed personal property fails to yield the full amount of the debt due." *Black's Law Dictionary* 846 (7th ed.1999). This foreclosure action was not one against Lamb personally, but an action to foreclose notes on real property pledged as collateral to the SBA. Alerus was not attempting to collect the unpaid balance of the debt on the non-SBA note against Lamb personally.

[¶ 19] We discussed, at length, the interplay of North Dakota's deficiency statutes in *Schiele v. First Nat'l Bank of Linton*, 404 N.W.2d 479 (N.D.1987). In *Schiele*, we stressed that another foreclosure action could not be brought until the fair value of the property in the prior foreclosure action was determined. However, that case involved one note with two properties listed as collateral. This case involves one non-SBA note and two SBA notes, all of which had the same parcel of property listed as collateral. Under North Dakota law, Alerus had the right to foreclose on property listed in both notes. Therefore, this action was not a deficiency action and Lamb's argument fails on the merits. The trial court properly granted Alerus summary judgment and properly entered judgment of foreclosure.

VI

[¶ 20] We examined Lamb's other arguments on appeal and find them completely without merit. We affirm the judgment of foreclosure.

[¶ 21] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, JJ., concur.